IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 2 2 2006

JAMES N. HATTEN, Clerk

By: _____
Deputy Clerk

TONY L. WARE,                          *

    Plaintiff,                        *

                                      *    CIVIL ACTION FILE

    v.                                *    No. 1-97-CV-00848-RWS

FIDELITY ACCEPTANCE CORP.,             *

    Defendant.                        *

---

## AFFIDAVIT OF PROCESS SERVER

**PERSONALLY APPEARED** before me, the undersigned attesting officer duly authorized by law to administer oaths is RUSSELL F. NILES, Process Server in the above-styled action after being duly sworn in deposes under oath the following:

1. That I am RUSSELL F. NILES located at 3850 Village Drive, S.W. Atlanta, Georgia 30331. I certify under oath that the information contained in this affidavit is true and correct and is made upon my personal knowledge.

2. On or about March 31st, 1997 I attempted to serve Fidelity Acceptance Corporation. I went to 1311 Cleveland Avenue, East Point Georgia 30364 to locate Mr. Ronald G. McKeown the registered agent for FIDELITY ACCEPTANCE CORPORATION as listed in the office of the Georgia Secretary of State.

3. When I arrived at this location, I found that building to be vacant. I also went into the building either on the second or third floor and there were no persons or businesses operating as Fidelity Acceptance Corporation.

4. There was no person by the name of Ronald G. McKeown located at 1311 Cleveland Avenue, East Point Georgia 30364.  I believe that no person with reasonable diligence could have found Fidelity's agent Mr. Ronald G. McKeown at the Cleveland Avenue address.

5. Furthermore, on May 30th, 2006 I reviewed the file in this case and found that this Court served Ronald G. McKeown with an order from the Court on December 7th, 1998 at 1311 Cleveland Avenue, S.E., East Point, Georgia 30364.  A copy of this order was returned back to the Court by the United States Postal Service on December 14th, 1998 proving that Ronald G. McKeown was not located at that address.  See, **Exhibit "A"** attached hereto.

6. Plaintiff then served Fidelity by U.S. Certified Mail at another address. Rebecca D. Degarnette, process server also served Fidelity through the Georgia Secretary of State.  See, **Exhibit "B"** attached hereto.

**IN WITNESS AND TESTIMONY,** this affidavit is entered under oath and is made upon by personal knowledge and belief.  Further affiant sayeth not.

This ___5th___ day of ___June___, 2006.

**Respectfully Submitted,**

_____
**Russell F. Niles, Process Server**

**Sworn to and Subscribed before Me,**
This the ___5th___ day of ___June___, 2006.

_____
**STATE NOTARY PUBLIC OFFICER**

Notary Public, Clayton County, Georgia
My Commission Expires February 8, 2008

**Page 2**

# PROCESS SERVER'S

# EXHIBIT "A"

# Attached

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
2211 UNITED STATES COURTHOUSE
75 SPRING STREET, S.W.
ATLANTA, GEORGIA  30303-3~~~

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 1 4 1998

LUTHER D. THOMAS, Clerk

By: _____   Deputy Clerk

U.S. OFFICIAL MAIL

ATLANTA
DEC - 7'98
GA

U.S.POSTAGE

PENALTY
FOR
PRIVATE
USE $300
POSTAGE METER

Mr. Ronald G. McKeown
1311 East Cleveland Ave.
East Point, GA
30364

RETURN
TO SENDER
NOT DELIVER
AS ADDRESS

30364-3434   27

Copies served
By Courtroom Deputy

DUPLICATE

FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C. Atlanta

DEC 07 1998

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY WARE,

          Plaintiff,

    v.

FIDELITY ACCEPTANCE
CORPORATION,

          Defendant.

CIVIL ACTION

NO. 1:97-CV-848-RWS

## ORDER

Pro se Plaintiff Tony Ware seeks relief against Defendant Fidelity Acceptance

Corporation [hereinafter referred to as "Fidelity"] for alleged violations of multiple federal

and state laws. This case is before the Court on Plaintiff's Motion for Entry of Default and

for Partial Default Judgment [10-1].

### I. Factual Background

Georgia Secretary of State records submitted by Plaintiff with his motion reveal that

Fidelity is a Minnesota corporation that began to operate in Georgia under a certificate of

authority in 1972. The certificate was revoked in May of 1988 because Fidelity failed to file

its annual registration. The relationship between Plaintiff and Fidelity began in March of

1991--long after Fidelity's certificate had been revoked--when Fidelity extended a loan to

Plaintiff. (Pl.'s Compl. Ex. A.) Plaintiff filed his original Complaint against Fidelity on

March 31, 1997 alleging that Fidelity had, since 1994, attempted to collect a debt from

Plaintiff that he did not owe. Fidelity never filed an answer to the Complaint and Plaintiff

moved for entry of default. This Court denied that motion, finding that Plaintiff had not

AO 72A
(Rev.8/82)

shown that Fidelity had been properly served. A subsequent Order was issued by this Court

requiring Plaintiff to show cause why the case should not be dismissed for failure to

effectuate service of process under Local Rule 41.2(B). Plaintiff filed this motion in

response.

## II. Discussion

Federal Rule of Civil Procedure 4(h)(1) allows corporations to be served in the same

manner as individuals under Rule 4(e)(1), which provides that service may be effectuated

"pursuant to the law of the state in which the district court is located." Because Fidelity's

certificate of authorization to transact business in Georgia expired prior to the time that

Plaintiff's claims arose, O.C.G.A. § 14-2-1510 (1994) provides the requirements for service

of process upon Fidelity.[1]  See Comments to Section 1510 (stating that service may be

effected under Section 1510 "on a corporation which has withdrawn from the state or whose

certificate of authority has been revoked")

Upon reviewing the record, it is clear to this Court that Plaintiff properly served

Fidelity. Section 1510(b) provides that:

> If a foreign corporation has no registered agent or its registered
> agent cannot with reasonable diligence be served, the corporation
> may be served by registered or certified mail, return receipt
> requested, addressed to the chief executive officer, chief financial
> officer, or secretary of the foreign corporation, or a person holding

---

[1] Plaintiff claims that O.C.G.A. § 14-2-1531(d) provides an alternative means for service of process in this case. This provision, however, only governs when the proceeding is "based on a cause of action which arose during the time the foreign corporation was authorized to transact business in [Georgia]." §1531(d). Plaintiff's relationship with Fidelity did not begin until March of 1991, almost two years after Fidelity's certificate of authority was revoked by the Secretary of State.

2

AO 72A
(Rev.8/82)

a position comparable to any of the foregoing, at its principal
office shown in the later of its application for a certificate of
authority or its most recent annual registration. Any party that
serves a foreign corporation in accordance with this subsection
shall also serve a copy of the process upon the Secretary of State.

Because Fidelity failed to maintain its certificate of authority, it had no current registered

agent for Plaintiff to serve. Therefore, in accordance with 1510(b), Plaintiff served the CEO

of Fidelity at the corporation's Minnesota address that was listed on the certificate of

authority. As Section 1510(b) mandates, Plaintiff sent the process by certified mail and

requested a return receipt; this is evidenced by a photocopy of the certified mail receipt that

is postmarked April 1, 1997. A copy of the process was also served upon the Secretary of

State, as shown by a return of service filed with the Court on April 4, 1997.[2]

As a result of the foregoing, it is clear that Plaintiff is entitled to entry of default.

Because Plaintiff's damages are unliquidated, however, the Court must determine the

amount of damages Plaintiff suffered before a default judgment is granted. In order to hear

evidence of damages, this case is hereby set for a hearing on damages on the 18th day of

December, 1998, at 2:00 o'clock P. M. in Courtroom 2306.

Plaintiff shall be prepared to present all of his evidence on the issue of damages at said

hearing.

---

[2]With regard to Plaintiff's Amended Complaint, no service of process was required
because Plaintiff did not assert any new claims against Fidelity but, instead, simply inserted
additional factual allegations to support the preexisting claims. Federal Rule of Civil
Procedure 5(a) clearly states that "[n]o service need be made on parties in default for failure
to appear except that pleadings asserting **new or additional** claims for relief against them
shall be served upon them . . . . " (emphasis added).

3

AO 72A
(Rev.8/82)

## III. Conclusion

For the aforementioned reasons, Plaintiff's Motion for Entry of Default Judgment

and for Partial Default Judgment [10-1] is **DENIED IN PART AND GRANTED IN**

**PART.** The clerk of court is **ORDERED** to enter default against Fidelity and the case is

scheduled for a hearing on the issue of damages as set out above.

**SO ORDERED**, this _____ day of December, 1998.



RICHARD W. STORY
United States District Judge

4

AO 72A
(Rev.8/82)

# PROCESS SERVER'S

# EXHIBIT "B"

# Attached

## RETURN OF SERVICE

97-cv-848

| | DATE 4-1-97 |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |

**ORIGINAL**

| NAME OF SERVER (PRINT) Rebecca D. DeJarnette | TITLE Process Sever |
|---|---|

Check one box below to indicate appropriate method of service

[X] Served personally upon the defendant. Place where served: *Fidelity Acceptance Corp.* c/o PEGGY CAROL, 2 MARTIN LUTHER KING JR. DR, STE 315 ATLANTA, GA. 30334

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR - 4 1997

[ ] Returned unexecuted: _____

_____ THOMAS, Clerk

Deputy Clerk

[ ] Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL 27 Miles | SERVICES $ 25.00 | TOTAL $25.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 4-1-97
Date

Rebecca D. DeJarnette
Signature of Server

1410 Countryside Pl Smyrna, GA 30080
Address of Server

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

H